# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| **DANIEL W. MOORE,** | ) |
| **Plaintiff/Petitioner,** | ) ) ) Case No. _____ |
| v. | ) ) |
| **TERRY ALLISON, Individually, and/or d/b/a BUSY BEE FLOORING, LLC, and BUSY BEE FLOORING, LLC,** | ) ) ) ) |
| **Defendants/Respondents.** | ) |

## COMPLAINT TO ENFORCE JUDGMENT AND
## PETITION TO SET ASIDE FRAUDULENT CONVEYANCE

The Plaintiff/Petitioner, Daniel W. Moore ("Moore"), by and through counsel, Grant Konvalinka & Harrison, P.C., and pursuant to Tenn.Code Ann. §§ 66-3-301, *et seq.*, and Fed.R.Civ.P. 65, hereby files his Complaint ("Complaint") and petitions the Court to set aside a fraudulent conveyance as described herein, and petitions the Court to enforce a Judgment against the Defendants/Respondents, Terry Allison, individually, and/or d/b/a Busy Bee Flooring, LLC ("Defendant Allison") and Busy Bee Flooring, LLC ("Defendant Busy Bee") (and collectively, the "Defendants"). Moore's Complaint also requests that the Court enter an Order to enjoin Defendant Allison and Defendant Busy Bee from further disposition and/or transfer of the assets of Terry Allison's previous company, Buy Laminate Direct, LLC ("BLD"). In support of his Complaint, Moore states as follows:

### I.     INTRODUCTION AND PARTIES

1.     Moore brings this action to enforce the Default Judgment ("Judgment") against the Defendants. Moore secured the Judgment on October 21, 2021 from this Court against Defendant

Allison and Defendant Allison's previous company, BLD, jointly and severely, for an award of $314,602.88.

2. The Judgment entered by this Court in favor of Moore and against Defendant Allison and BLD, jointly and severally, is based on the Defendant Allison's and BLD's breach of an executed Loan Agreement Promissory Note ("Note") between Moore, as the lender, and Defendant Allison and BLD as the borrower, and Defendant Allison's and BLD's default of a separate loan agreement ("second loan") that Defendant Allison and BLD entered into with Moore.

3. At all times relevant to the allegations of this action, Moore was, and is, a resident and citizen of Huntsville, Madison County, Alabama.

4. Upon information and belief, Defendant Allison was, and is, a resident and citizen of Wartrace, Bedford County, Tennessee.

5. Upon information and believe, Defendant Allison has conducted, and is conducting, business using the assumed name of "Busy Bee Flooring."

6. Defendant Allison can be served with process at 610 Knob Creek Road, Wartrace, Tennessee 37183, or anywhere he can be found.

7. Defendant Busy Bee is an active Tennessee limited liability company. Defendant Busy Bee's principal office and place of business is located at 1802 N. Jackson Street, Tullahoma, Franklin County, Tennessee 37388-8218.

8. Defendant Busy Bee can be served through its Registered Agent in the State of Tennessee, which is listed as United States Corporation Agents, Inc., at 4295 Cromwell Road, Suite 308, Chattanooga, Tennessee 37421-2163.

## II. JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction over this dispute, pursuant to 28 U.S.C.A. §§ 1332(a)(1) and 1332(c)(1), because there is complete diversity of citizenship between

the Parties in this case and the jurisdictional amount in controversy is satisfied.

10. Venue in this District is proper, pursuant to 28. U.S.C. § 1391, as all of the actions or inactions giving rise to this Complaint occurred in Coffee, Franklin and/or Bedford Counties, Tennessee, and all of these Tennessee counties are within the Eastern District of Tennessee.

11. Upon information and belief, the Defendants reside in, conduct business in, and/or have minimum contacts with the Eastern District of Tennessee, giving this Court personal jurisdiction over the Defendants.

### III. FACTS

12. At all times relevant, Moore was and is a creditor of Defendant Allison, as defined by Tenn.Code Ann. § 66-3-302(4).

13. On or about September 14, 2018, Defendant Allison individually and his previously-operating company, BLD, as the borrower, executed a Note in the principal amount of $140,000.00 for Defendant Allison and BLD to borrow that amount from Moore as the lender.

14. At the time, Defendant Allison was managing and operating as the sole member and manager BLD, which was, ostensibly, a wholesale laminate flooring contractor and installation company.

15. At the times that Defendant Allison approached Moore for Moore to lend Defendant Allison money, Defendant Allison alleged that he needed money to fund BLD and purchase inventory for BLD, as BLD was grossly undercapitalized.

16. Then, on or about July 7, 2020, Moore and Defendant Allison and BLD entered into a second loan, the terms of which consisted of Moore lending Defendant Allison an additional $50,000.00, and for Defendant Allison to repay the loaned amount plus interest at the rate of fifteen percent (15%), totaling $7,500.00, within thirty (30) days of Moore wiring the funds to Defendant Allison.

17. Defendant Allison defaulted on the Note by failing to repay as agreed any portion of the principal loan amount of $140,000.00 and was therefore in breach of the same.

18. Defendant Allison also defaulted on the second loan by failing to repay as agreed any portion of the principal second loan amount of $50,000.00 and was therefore in breach of the same.

19. Upon information and belief, Defendant Allison did not use the monies that Moore lent to him for the intended exclusive purpose for use in financing BLD's business operations.

20. Rather, upon information and belief, Defendant Allison used the monies for personal gain and comingled those funds with Defendant Allison's personal assets, the assets of a new single-member Tennessee limited liability company that Defendant Allison formed called Defendant Busy Bee, the personal assets of Defendant Allison's wife, Courtney Allison, and/or the assets of a family trust that involves Defendant Allison and Courtney Allison entitled the Allison Family Trust, Timothy Smith, Trustee ("Allison Family Trust").

21. Upon information and belief, Defendant Allison had no intention of repaying Moore, as Defendant Allison intended to solicit funds from Moore and to use them for personal gain and/or in other business ventures and personal matters involving himself, Defendant Busy Bee, and any equity owners of Defendant Busy.

22. Moore sent Defendant Allison reminder communications to Defendant Allison in mid-October 2020, advising Defendant Allison that payments on the Note and the second loan agreement were past due.

23. Between October 2020 and April 2021, Moore attempted multiple times to contact Defendant Allison through text messages, phone calls, emails, direct messaging through Defendant Allison's BLD business account on Facebook, and in-person meetings at BLD's Tullahoma, Tennessee store, to discuss repayment of the two loans.

24. Defendant Allison ignored Moore's attempts to communicate with him to contact to discuss repayment of the two loans between October 2020 and April 2021, and Moore did not receive any type of communication or payment of any kind from Defendant Allison.

25. During the same timeframe that Moore was attempting to contact Defendant Allison about repaying the loans, Defendant Allison was engaged in a concerted effort and ongoing scheme to try and shield both himself individually and BLD from any liability and/or exposure that he and BLD had to Moore and/or to try and make himself judgment proof from Moore.

26. On or about October 6, 2020, Defendant Allison allowed the Tennessee Secretary of State to administratively dissolve BLD without notifying Moore, a creditor of BLD, of BLD's administrative dissolution.

27. On or about April 29, 2021, Defendant Allison filed with the Tennessee Secretary of State's Office the necessary paperwork to form Defendant Busy Bee, a Tennessee single-member, member-managed limited liability company with Defendant Allison as the sole member and manager.

28. Upon information and belief, during the latter portion of 2020 and into 2021, Defendant Allison transferred substantially all of the inventory, personal property, equipment, accounts receivable and other assets of BLD (collectively referred to as "BLD's assets") to Defendant Busy Bee.

29. Moore, exercising his rights as the lender pursuant to both the Note and the second loan, by and through counsel, demanded payment pursuant to the Note and the second loan through letter to Defendant Allison dated June 8, 2021.

30. Defendant Allison did not respond to the June 8, 2021 letter from Moore's counsel.

31. Moore then filed his Complaint for breach of contract with this Court, and had summonses issued against Defendant Allison individually and BLD on June 29, 2021.

32. Moore's Complaint and the summons issued for BLD were served on BLD's registered agent on July 1, 2021.

33. Service of Moore's Complaint and the issued summons was perfected on Defendant Allison when the same were served on Courtney Allison at their residence in Wartrace, Tennessee on July 7, 2021.

34. Neither Defendant Allison nor BLD, as properly-served party-defendants, filed a responsive pleading to Moore's Complaint.

35. Instead of addressing the federal lawsuit filed against Defendant Allison and BLD, and on or about July 16, 2021, Defendant Allison, by and through the use of the Allison Family Trust, purchased 2.65 acres of property in Franklin County, Tennessee for $432,000.00 for use by Defendant Busy Bee.

36. Also, on or about July 26, 2021, the Allison Family Trust, with the express approval of Defendant Allison and Courtney Allison, purchased certain real estate consisting of the land and the hotel located on the land known as the Walking Horse Hotel located in Wartrace, Bedford County, Tennessee for $675,000.00.

37. On October 21, 2021, this Court entered the Judgment against Defendant Allison and BLD, jointly and severely, and awarded Moore $314,602.88.

38. The Defendants' efforts in establishing Defendant Busy Bee as a new Tennessee limited liability company in 2021, transferring all of BLD's assets to Defendant Busy Bee, and purchasing properties through the Allison Family Trust for Defendant Allison's own personal benefit was done in an attempt to shield Defendant Allison from exposure and liability to Moore with regard to Moore's claim and then to shield Defendant Allison and BLD against the Judgment.

39. The Defendants' efforts and actions as described herein have hindered and completely forestalled Moore's ability to execute and collect on the Judgment that he has against

Defendant Allison and BLD, and has harmed, and continues to harm, Moore.

### IV. CAUSES OF ACTION

#### COUNT ONE: PIERCING THE CORPORATE VEIL

40. Moore hereby reasserts and incorporates by reference each and every allegation contained in Paragraphs 1 through 39 of his Complaint as if fully set forth herein.

41. Defendant Allison was the single member of, and the manager for, BLD.

42. BLD's former principal place of business was located at 1813 Old Estill Springs Road in Tullahoma, Tennessee.

43. BLD was essentially a sham entity and the alter ego for Defendant Allison.

44. Defendant Allison is the sole member of, and the manager for, Defendant Busy Bee.

45. Defendant Busy Bee's principal place of business is currently located at 1802 North Jackson Street in Tullahoma, Tennessee.

46. At the time of BLD's dissolution, BLD had known creditors, including and especially Moore, and Defendant Allison failed to provide notice to BLD's known creditors regarding this dissolution.

47. Currently, Defendant Busy Buy is also essentially a sham entity and the alter ego for Defendant Allison.

48. Upon information and belief, Defendant Allison used the funds Moore loaned to Defendant Allison and BLD for Defendant Allison's personal gains and comingled the funds with Defendant Allison's personal assets, as well as with the assets of his wife, Courtney Allison, the assets of Defendant Busy Bee, a sham entity of Defendant Allison, and/or the assets of the Allison Family Trust.

## COUNT TWO: VIOLATION OF TENNESSEE'S FRAUDULENT TRANSFERS ACT

49. Moore hereby reasserts and incorporates by reference each and every allegation contained in Paragraphs 1 through 48 of his Complaint as if fully set forth herein.

50. In part, Moore petitions this Court to set aside a fraudulent conveyance, as defined in Tenn.Code Ann. §§ 66-3-305, 306.

51. The fraudulent conveyances that Moore seeks to set aside were made in Bedford, Coffee and/or Franklin Counties, Tennessee, and the jurisdiction of this Court is invoked pursuant to Tenn.Code Ann. § 66-3-308.

52. At all times relevant, BLD was and is insolvent as a result of Defendant Allison's transfer of BLD's assets to Defendant Busy Bee, pursuant to Tenn.Code Ann. § 66-3-303.

53. Defendant Allison's transfer of substantially all of BLD's assets to Defendant Busy Bee was made with actual intent to hinder, delay, or defraud Moore, pursuant to Tenn.Code Ann. § 66-3-305.

54. Defendant Allison's transfer of BLD's assets to Defendant Busy Bee was a transfer to an insider, as Defendant Allison is the alter ego of both BLD and Defendant Busy Bee, and therefore Defendant Allison retained possession and control of the transferred assets.

55. Defendant Allison's transfer of BLD's assets to Defendant Busy Bee was not disclosed to Moore.

56. Moore had communicated to Defendant Allison of his intentions to take legal action against both Defendant Allison and BLD before Defendant Allison's transfer of BLD's assets to Defendant Busy Bee was made.

57. Therefore, Defendant Allison's transfer of BLD's assets to Defendant Busy Bee was fraudulent as to Moore, a creditor who had a claim against both Defendant Allison and BLD before, during, and after the transfer was made, and while Moore's Complaint was pending and

rendered into a Judgment against Defendant Allison and BLD, pursuant Tenn.Code Ann. §§ 66-3-305, 306.

58. As a result of Defendant Allison's fraudulent transfer of BLD's assets to Defendant Busy Bee, Moore has been unable to satisfy the Judgment that he has against Defendant Allison and BLD.

## COUNT THREE: INJUNCTIVE RELIEF

59. Moore hereby reasserts and incorporates by reference each and every allegation contained in Paragraphs 1 through 58 of his Complaint as if fully set forth herein.

60. Subject to applicable principles of equity and in accordance with Fed.R.Civ.P. 65, Moore is entitled to have the Court enjoin Defendant Allison and Defendant Busy Bee from any further disposition by Defendant Allison and Defendant Busy Bee of BLD's assets that Defendant Allison fraudulently transferred to Defendant Busy Bee, pursuant Tenn.Code Ann. § 66-3-308(A).

61. In addition, pursuant Tenn.Code Ann. § 66-3-308(B), and subject to the applicable principles of equity and in accordance with Fed.R.Civ.P. 65, Moore is entitled have the Court appoint a receiver to take charge of BLD's assets that Defendant Allison fraudulently transferred to Defendant Busy Bee.

## COUNT FOUR: PUNITIVE DAMAGES

62. Moore hereby reasserts and incorporates by reference each and every allegation contained in Paragraphs 1 through 61 of his Complaint as if fully set forth herein.

63. The fraudulent and tortious actions of the Defendants committed in concert against Moore as described above, were intentional, fraudulent and/or were committed with reckless disregard of Moore's rights.

64. The fraudulent and tortious actions of the Defendants committed in concert against Moore as described above were sufficiently egregious to warrant the imposition of punitive

damages against the Defendants.

65. Accordingly, Moore requests an award of punitive damages against the Defendants in the amount of not less than $1,000,000.00.

## V. PRAYER FOR RELIEF

WHEREFORE, premises considered, the Plaintiff, Daniel W. Moore, respectfully requests the following relief:

1. That this Court issue process, and that the Defendants be served with the Complaint according to law and required to appear and answer or otherwise respond to Moore's Complaint within the time required by law, and;

2. That the Court issue an injunction prohibiting further disposition of Defendant Busy Bee's assets during the pendency of this action, pursuant to Tenn.Code Ann. § 66-3-308;

3. That the Court enter an order enjoining Defendant Allison's transfer of BLD's assets to Defendant Busy Bee and attaching BLD's assets that were transferred to Defendant Busy Bee and/or any others properties of Defendant Allison to the extent necessary to satisfy the Judgment that Moore, the judgment creditor, has against Defendant Allison, pursuant to Tenn.Code Ann. 66-3-308(a);

4. That the Court enter an order allowing Moore to levy execution on BLD's assets that Defendant Allison fraudulently transferred to Defendant Busy Bee and/or on any proceeds realized by Defendant Allison and/or Defendant Busy Bee on BLD's assets, pursuant to Tenn.Code Ann. § 66-3-308(b);

5. That the Court enter a judgment award of punitive damages in favor of Moore and against Defendant Allison for the intentional and fraudulent acts done with reckless disregard of Moore's rights, in an amount not less than $1,000,000.00;

6. That all costs of Moore's Complaint and of this action, including, but not limited to, discretionary costs, be taxed against the Defendants, and;

7. That the Court provide whatever additional equitable relief it deems appropriate included but limited to those remedies provided under applicable statutory and common law, and;

8. That Moore has such further and general relief as he may be entitled, and any other relief justice may require;

9. That a jury try all issues triable by a jury.

Respectfully submitted,
GRANT KONVALINKA & HARRISON, P.C.

By:     /*s*/ Joseph W. Dickson
DAVID M. ELLIOTT (TN BPR#17966)
JOSEPH W. DICKSON (TN BPR #22763)
*Attorneys for Plaintiff Daniel W. Moore*
Republic Centre, Suite 900
633 Chestnut Street
Chattanooga, Tennessee 37450-0900
Email: delliott@gkhpc.com
Email: jdickson@gkhpc.com
Telephone: (423) 756-8400
Facsimile: (423) 756-6518
