# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| **DANIEL W. MOORE,** | ) |
| **Plaintiff/Petitioner,** | ) |
| v. | ) Case No. 4:22-CV-00009 |
| | ) U.S. District Court Judge Charles E. Atchley |
| **TERRY ALLISON, Individually, and/or d/b/a BUSY BEE FLOORING, LLC, and BUSY BEE FLOORING, LLC,** | ) Magistrate Judge Susan K. Lee |
| **Defendants/Respondents.** | ) |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PETITION FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS

The Plaintiff/Petitioner, Daniel W. Moore (the "Plaintiff" or "Moore"), by and through counsel, Grant Konvalinka & Harrison, P.C. ("GKH"), hereby files this Motion for Default Judgment and Petition for Injunctive Relief ("Petition") against the Defendants/Respondents, Terry Allison, individually, and/or d/b/a Busy Bee Flooring, LLC ("Defendant Allison"), and Busy Bee Flooring, LLC ("Defendant Busy Bee") (and collectively, the "Defendants"). The Plaintiff requests the Court enter an Order of Judgment by Default against the Defendants, pursuant to Rule 55(b)(2) of the *Federal Rules of Civil Procedure* (hereinafter "Rule"). The Plaintiff further petitions the Court for the entry of an Order of Judgment granting Injunctive Relief against the Defendants, pursuant to Tenn.Code Ann. §§ 66-3-301, *et seq*. and Rule 65.

In support of this Petition, Moore relies upon the record in this case and attaches hereto and incorporates herein by reference the following exhibits:

- the affidavit of Moore providing proof confirming the facts alleged in the Complaint and evidencing the amount of damages due, attached hereto as Exhibit 1 ("Ex. 1");

- a true and exact copy of the Loan Agreement ("Note") between Moore and Defendant Allison and Defendant Allison's previous company, Buy Laminate Direct, LLC ("BLD"), attached hereto as Exhibit 2 ("Ex. 2");

- a true and exact copy of the June 8, 2021 demand letter from Moore's counsel to Defendant Allison and BLD, attached hereto as Exhibit 3 ("Ex. 3");

- the Judgment entered against Defendant Allison and BLD, jointly and severally, on October 21, 2021, attached hereto as Exhibit 4 ("Ex. 4"), and;

- the affidavit of John P. Konvalinka ("Mr. Konvalinka"), evidencing the amount of incurred attorney's fees, costs and expenses to be incorporated into Moore's damages award against the Defendants, attached hereto as Exhibit 5 ("Ex. 5").

In further support of this Petition, Moore states as follows:

I. **Facts**

On or about September 14, 2018, Defendant Allison, individually and on behalf of BLD, as the borrower, executed a Note to borrow money from Moore, the lender. [*See* Ex. 1, ¶ 2; *see also* Ex. 2]. The Note expressly states in the material provision identified as "Collection Costs" that: "If any payment obligation under this Note is not paid when due, the borrower promises to pay *all costs of collection, including reasonable attorney fees*, whether or not a lawsuit is commenced as part of the collection process." [Ex. 1, ¶ 7; *see also* Ex. 2, p. 2, Sec. IV] (emphasis added).

Defendant Allison and BLD defaulted on the Note by failing to make payments to Moore. [Ex. 1, ¶ 9; *see also* Ex. 3]. At the time of Defendant Allison's and BLD's default, BLD was an active Tennessee limited liability company, with its principal offices and place of business previously located at 1813 Old Estill Springs Road, Tullahoma, Franklin County, Tennessee

37388-5510. [Ex. 1, ¶ 3]. Defendant Allison was operating BLD at that time as a laminate flooring retail business with a showroom for potential customers to come in and shop for laminate flooring and a separate warehouse facility for Defendant Allison to store BLD's laminate flooring, flooring materials and related inventory (collectively referred to as "assets"). [Id., at ¶ 4].

On April 1, 2021, BLD was administratively dissolved as a Tennessee limited liability company by the Tennessee Secretary of State. [Id., at ¶ 10]. Then on April 29, 2021, Defendant Allison filed papers with the Tennessee Secretary of State to create Defendant Busy Bee as an active Tennessee limited liability company with its principal office and place of business located at 1802 N. Jackson Street, Tullahoma, Franklin County, Tennessee 37388-8218. [Id., at ¶ 11]. Defendant Allison transferred all of BLD's assets to Defendant Busy Bee and Defendant Allison is selling the assets to Defendant Busy Bee's customers. [Id., at ¶¶ 22-25].

Moore, by and through counsel, submitted a demand letter to Defendant Allison and BLD on June 8, 2021, formally asserting Moore's claim against Defendant Allison and BLD for their default on the Note and demanding that they make payment. [Ex. 3; *see also* Ex. 1, ¶ 12]. Defendant Allison and BLD ignored Moore's June 8, 2021 demand letter. [Ex. 1, ¶ 13]. Moore, through counsel, then filed in this Court on June 29, 2021 his first federal lawsuit for breach of contract against Defendant Allison and BLD. [Id., at ¶ 14].

Moore secured from this Court a Default Judgment ("Judgment") against Defendant Allison and BLD, jointly and severely, for an award of $314,602.88 on October 21, 2021. [Ex. 4; *and see* Ex. 1, ¶ 15]. Since the Spring of 2021, however, Defendant Allison has conducted, and is continuing to conduct, business as Defendant Busy Bee, and is continuing to sell the assets. [Ex. 1, ¶¶ 20-23]. Since the entry of the Judgment, Moore has been unable to collect anything from Defendant Allison and the now-defunct BLD. [Id., at ¶ 17].

## II. Law and Argument

### 1. Moore is entitled to a Judgment against the Defendants.

Pursuant to the applicable provisions of Rule 12, a party-defendant must serve an answer within twenty-one (21) days after being properly served with the summons and complaint. *See* Fed.R.Civ.P. 12(a)(1)(A)(i). Moore filed his Complaint to Enforce the Judgment and Petition to Set Aside Fraudulent Conveyance ("Complaint") on February 15, 2022. [*See* Doc. No. 1].

Defendant Busy Bee was served with the Complaint on February 22, 2022 and was required to file its Answer or responsive pleading to the Complaint on or before March 16, 2022. [*See* Doc. No. 8]. Defendant Allison was served with the Complaint on February 23, 2022 and was required to file his Answer or responsive pleading to the Complaint on or before March 17, 2022. [*See* Doc. No. 9]. As of April 15, 2022, the Defendants have wholly failed to file their respective Answers to the Complaint, plead or otherwise defended against Moore's Complaint in the time prescribed by the appliable provisions of Rule 12. *See* Fed.R.Civ.P. 12(a)(1)(A)(i).

Pursuant to the applicable provisions of Rule 55, a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend against a properly-served Complaint and issued summons, the Court, by and through the Court Clerk, *must* enter a judgment by default against the non-responding party-defendants. Fed.R.Civ.P. 55(a) (emphasis added). Moore, by and through his counsel, filed on March 30, 2022 two (2) Requests for Entry of Default ("Requests") and the required affidavits in support of the Requests. [*See* Doc. Nos. 10, 10-1, 11, and 11-1].

As a result of the Defendants' failure to file their respective Answers, to plead or to otherwise defend against Moore's Complaint, Moore is entitled to have this Court enter a default judgment in his favor and against the Defendants, jointly and severally.

### 2. **Moore is entitled to a Judgment against Defendant Allison declaring that Defendant Allison is the alter ego of Defendant Busy Bee.**

As stated, Moore is entitled to an entry of default against the Defendants. Once a default is entered against a defendant, the defendant is deemed to have admitted *all* of the well pleaded allegations in the complaint. *Fannie Mae v. Huntington Prop. LLC*, 2019 U.S. Dist. LEXIS 231982, at *5 (W.D. Tenn. Oct. 30, 2019); *see also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)) (emphasis added).

Moore, by and through his Complaint against Defendant Allison, has properly pled that Defendant Allison, as BLD's sole member and manger, operated BLD as a sham entity for his benefit. [*See* Doc. No. 1, ¶¶ 25, 38, 40-48; *see also* Ex. 1, ¶¶ 5, 18-24]. Moore has also presented sworn testimony confirming that Defendant Allison was the alter ego of BLD. [Id.].

Moore further alleges that now Defendant Allison, as Defendant Busy Bee's sole member and manger, operates Defendant Busy Bee as a sham entity for his benefit. [Id.]. Moore has also presented sworn testimony confirming that Defendant Allison is the alter ego of Defendant Busy Bee. [Id.]. Moore also alleges a claim against Defendant Allison for the Court to "pierce the corporate veil" and declare that Defendant Allison is the alter ego of Defendant Busy Bee. [Id.].

Moore alleges that Defendant Allison used the funds that Moore originally loaned to Defendant Allison and BLD for Defendant Allison's personal gain. [Id.]. Moore further alleges that Defendant Allison also comingled the loaned funds with Defendant Allison's personal assets, as well as with the assets of his wife, Courtney Allison, the assets of Defendant Busy Bee, and/or the assets of the Allison Family Trust. [Id.].

Since the Defendants have failed to plead or otherwise defend against the served Complaint, all of the allegations in the Complaint regarding Defendant Allison being the alter ego of Defendant Busy Bee are admitted. *Fannie Mae*, 2019 U.S. Dist. LEXIS 231982, at *5.

Therefore, Moore is entitled to a declaration from the Court that Defendant Allison is the alter ego of Defendant Busy Bee.

> **3. Moore is entitled to an award of post-judgment interest calculated on the original Judgment Award and included as part of this Judgment.**

Pursuant to the applicable federal interest statute, post-judgment interest shall be awarded on money judgments in civil cases recovered in U.S. District Courts. *See* 28 U.S.C. § 1961(a). The post-judgment interest rate applicable to the Judgment Award that was entered on October 21, 2021 is .102%. Id., at (a-b); *see also* Ex. 4.

The Defendants, jointly and severally, owe Moore $314,602.88 on the Judgment Award, plus accrued post-judgment interest at the rate of .102% per day. 28 U.S.C. § 1961(a-b). Between October 21, 2021, the date the Judgment was entered, and the date of the filing of this Motion, the Defendants, jointly and severally, owe Moore the entire unpaid Judgment Award amount plus accrued post-judgment interest totaling $330,076.19. Id. Therefore, Moore is entitled to a Judgment Award on the Complaint to enforce the original Judgment for accrued post-judgment interest totaling $330,076.19.

> **4. Moore is also entitled to an additional award of incurred attorney's fee associated with filing and prosecuting this Complaint in an attempt to collect on the Judgment in Moore's favor based on the Defendants' default of the Note.**

After the Clerk has entered default against a defendant for failing to plead or otherwise defend, Rule 55(b) provides the following procedures for entry of default judgment:

(1) If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . .

(2) In all other cases, *the party must apply* to the court for a default judgment.

Fed.R.Civ.P. 55(b) (emphasis added). Rule 55(b)(2) makes clear that the Clerk should *only*

enter default judgment when that judgment is for a sum certain, "since sound policy dictates that the clerk should not be invested with discretionary power." Fed.R.Civ.P. 55(b)(2); *see also Asendia USA, Inc. v. AdvancePost, Inc.*, 2013 U.S. Dist. LEXIS 32024, at *1 (M.D. Pa. Feb. 8, 2013).

Rule 55(b)(2) permits a default judgment but does not require one. Fed.R.Civ.P. 55(b)(2) ("the party must apply [to the court] for a default judgment"). The decision to enter a default judgment under Rule 55(b)(2) rests in the discretion of the District Court. Id.; *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

After receiving a default, a plaintiff must still establish the extent of damages to which the plaintiff is entitled to recover. *Fannie Mae v. Huntington Prop. LLC*, 2019 U.S. Dist. LEXIS 231982, at *5 (W.D. Tenn. Oct. 30, 2019); *Coach Inc. v. Our Little Secret*, 2013 U.S. Dist. LEXIS 157269, at *1 (W.D. Tenn. Sept. 9, 2013); *see also Kelley v. Carr*, 567 F.Supp. 831, 841 (W.D. Mich. 1983)). A request for an attorney's fees award as part of the computation of the award of damages is not a "sum certain", and therefore requires judicial review. *See Nat'l Auto Grp., Inc. v. Van Devere, Inc*., 2021 U.S. Dist. LEXIS 88508, at *8 (N.D. Ohio May 10, 2021); *see also Assist Fin. Servs., Inc. v. Freight One Transp.*, 2020 U.S. Dist. LEXIS 144807, at *2 (D.S.D. Aug. 12, 2020).

Even with an unopposed motion for attorney's fees, courts must still determine whether the requested fee is reasonable. *Johnson v. Colvin*, 2015 U.S. Dist. LEXIS 32641, at *4 (E.D. Tenn. Feb. 12, 2015); *citing Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The key requirement for an award of attorney fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Medical Products, Inc*., 515 F.3d 531, 553 (6th Cir. 2008) (internal citation omitted).

Moore's Petition is filed pursuant to Rule 55(b)(2), and Moore requests an additional award of incurred reasonable attorney's fees for filing a new federal lawsuit against the Defendants to collect the Judgment Award that was based on Defendant Allison's default of the Note. As stated, the Note evidences Moore's loan to borrower Defendant Allison and BLD. [*See* Ex. 2]. The Note includes a "collection cost" provision which states: "If any payment obligation under this Note is not paid when due, the borrower promises to pay *all costs of collection*, including reasonable *attorney fees*, whether or not a lawsuit is commenced as part of the *collection process*." [Id., at p. 2, Sec. IV] (emphasis added). The Court should therefore allow for proper judicial review of Moore's request attorney's fees.

In support of the Petition, Moore has provided documentation with sufficient detail to support his request for attorney's fees and expenses. [Ex. 1, ¶¶ 27-28; *see also* Ex. 5, ¶¶ 1-17, Ex. A]. Mr. Konvalinka's affidavit attached to the Petition includes the hourly rates of the GKH attorneys and GKH staff that Moore hired to represent him in this matter. [Ex. 5, ¶¶ 1-17]. Mr. Konvalinka's affidavit also includes a detailed accounting with narrative of the work each GKH attorney and each GKH staff member did on behalf of Moore in preparing and prosecuting this litigation to enforce the Judgment and collect the Judgment Award on behalf of Moore. [Id.].

Moore has incurred additional attorney's fees and costs in having to prepare and file the Complaint and to prosecute a separate federal lawsuit against Defendant Allison and Defended Busy Bee in order to enforce the Judgment entered against Defendant Allison and BLD, jointly and severally, and to collect the Judgment Award based on the default of the Note. [Ex. 1, ¶¶ 27-28; *see also* Ex. 5, ¶¶ 1-17]. Therefore, Moore is entitled to an additional award of his incurred attorney's fees and incurred costs against the Defendants, jointly and severally, associated with the attempted collection of the Judgment Award that was based on the default of the Note. [*See* Ex. 1,

¶¶ 1-12]. As of the date of the filing of this Motion, the Defendants, jointly and severally, owe Moore $22,045.81 for Moore's incurred attorney's fees and costs of collection. [Ex. 1, ¶¶ 27-28; *see also* Ex. 5, ¶¶ 1-17].

5. **The Court should grant Moore's Petition for Injunctive Relief against the Defendants for violation of Tennessee's Fraudulent Transfers Act, pursuant to Tenn.Code Ann. § 66-3-308 and Rule 65.**

Moore petitions this Court in both his Complaint and this Petition to set aside a fraudulent conveyance, that being Defendant Allison's transfer of assets from BLD to Defendant Busy Bee in violation of Tennessee's Fraudulent Transfers Act, Tenn.Code Ann. §§ 66-3-301, *et seq*. Defendant Allison's unlawful transfer of assets to Defendant Busy Bee is a fraudulent conveyance, as defined in Tenn.Code Ann. §§ 66-3-305, 306 ("A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.") [*See also* Ex. 1, ¶¶ 18-26; *and see* Doc. 1, ¶¶ 49-61]. Defendant Allison's transfer of substantially all of BLD's assets to Defendant Busy Bee was made with actual intent to hinder, delay, and defraud creditors such as Moore, pursuant to Tenn.Code Ann. § 66-3-305(a)(1). [Id.].

Defendant Allison's transfer of the assets from BLD to Defendant Busy Bee was a transfer made by, and to, an insider, as Defendant Allison is the alter ego of both BLD and Defendant Busy Bee, and therefore Defendant Allison retained possession and control of the transferred assets, pursuant to Tenn.Code Ann. § 66-3-305(b)(1). [Id.]. Defendant Allison, as the alter ego of both BLD and Defendant Busy Bee, retained possession and control of the assets that he transferred from the defunct BLD to the active Defendant Busy Bee, pursuant to Tenn.Code Ann. § 66-3-305(b)(2). [Id.]. Defendant Allison's transfer of BLD's assets to Defendant Busy Bee was not disclosed to Moore, pursuant to Tenn.Code Ann. § 66-3-305(b)(3). [*See* Doc. 1, ¶¶ 52-55].

Moore formally communicated to Defendant Allison and BLD, advising Defendant Allison and BLD of his had claim against Defendant Allison and BLD for defaulting on the Note. [Id.; *see also* Ex. 3]. Moore also advised Defendant Allison of his intentions to take legal action and sue both Defendant Allison and BLD at the time that Defendant Allison was apparently conducting his unlawful transfer of BLD's assets to Defendant Busy Bee, pursuant to Tenn.Code Ann. §§ 66-3-305(b)(4-5), (10). [Id.]. At all times relevant, Defendant Allison rendered BLD insolvent by transferring all of Defendant Allison's and debtor BLD's assets to Defendant Busy Bee shortly after Defendant Allison was alerted to creditor Moore's claim and before Moore's claim was rendered into a Judgment debt against Defendant Allison, pursuant to Tenn.Code Ann. §§ 66-3-303, 66-3-305(b)(5), (9). [Id.].

Therefore, Defendant Allison's transfer of BLD's assets to Defendant Busy Bee was fraudulent as to Moore, a creditor who had a claim against both Defendant Allison and BLD before, during, and after the transfer of assets was made. [*See* Ex. 1, ¶¶ 16-17, 22-26; *see also* Doc. 1, ¶¶ 49-61]. Defendant Allison's transfer of BLD's assets to Defendant Busy Bee was being made while Moore's original Complaint was pending and then rendered into a Judgment against Defendant Allison and BLD, pursuant Tenn.Code Ann. §§ 66-3-305, 306. [Id.]. As a result of Defendant Allison's fraudulent transfer of BLD's assets to Defendant Busy Bee, Moore has been unable to satisfy the Judgment that he has against Defendant Allison and BLD. [[Id.].

In pertinent part, the remedies available to creditors pursuant to Tennessee's Fraudulent Transfer Act are as follows:

> (a) In an action for relief against a transfer or obligation under this part, a creditor […] may obtain:
>
> > (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

> (2) An attachment or other provisional remedy against the asset transferred or other property of the transferee […];
> (3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:
>
>> (A) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
>> (B) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
>> (C) Any other relief the circumstances may require.
>
> (b) If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.

Tenn.Code Ann. § 66-3-308.

As a judgment creditor against Defendant Allison, Moore has no other adequate remedy at law to collect on the Judgment Award and was compelled to file a new lawsuit against Defendant Busy Bee, the transferee of the assets. [*See* Ex. 1, ¶¶ 16-26]. Moore will sustain irreparable damage and injury if Defendant Allison and/or Defendant Busy Bee is allowed to continue to operate Defendant Busy Bee and sell the assets that Defendant Allison unlawfully transferred to Defendant Busy Bee, further disposing the assets, pursuant Tenn.Code Ann. § 66-3-308(a)(3)(A). [Id.]. Moore is therefore entitled to have the Court enjoin Defendant Allison and Defendant Busy Bee from any further disposition by Defendant Allison and Defendant Busy Bee of the assets that Defendant Allison fraudulently transferred from BLD to Defendant Busy Bee. [Id.].

Moore also requests that the Court appoint a receiver to take charge of the assets that Defendant Allison fraudulently transferred to Defendant Busy Bee, pursuant Tenn.Code Ann. § 66-3-308(a)(3)(B). [*See* Doc. No. 1, ¶¶ 60-61]. In addition, Moore, as a judgment creditor against Defendant Allison, the alter ego of both BLD and Defendant Busy Bee, is entitled to an order from the Court that Moore may levy execution on the asset Defendant Allison transferred to Defendant

Busy Bee or on the proceeds realized by the Defendants selling the unlawfully transferred assets, pursuant to Tenn.Code Ann. § 66-3-308(b). [Ex. 1, ¶¶ 16-26].

WHEREFORE, premises considered, the Plaintiff, Daniel W. Moore, respectfully requests that the Court grant the Plaintiff's Motion for Default Judgment and grant the Plaintiff's Petition for Injunctive Relief against the Defendants, jointly and severally, and enter an Order of Judgment in favor of Moore and against the Defendants:

1. Awarding Moore a total judgment award of $352,122.00, plus court cost and post-judgment interest;

2. Avoiding Defendant Allison's transfer of the assets from BLD to Defendant Busy Bee to the extent necessary to satisfy this Judgment Award, pursuant to Tenn.Code Ann. § 66-3-308(a)(1);

3. Issuing an Injunction against the Defendants prohibiting the Defendants from any further disposition of the assets transferred from BLD to Defendant Busy Bee and attaching these assets and/or any others properties of Defendant Allison to the extent necessary to satisfy the Judgment Award that Moore, the Judgment Creditor, has against Defendant Allison, pursuant to Tenn.Code Ann. 66-3-308(a)(3)(A);

4. Appointing a receiver to take charge of the asset transferred from BLD to Defendant Busy Bee or of other property of Defendant Allison, pursuant to Tenn.Code Ann. § 66-3-308 (a)(3)(B);

5. Allowing Moore, as a judgment creditor, to levy execution on the assets that Defendant Allison fraudulently transferred from BLD to Defendant Busy Bee and/or to levy execution on any proceeds realized by Defendant Allison and/or Defendant Busy Bee on the sale of those assets, pursuant to Tenn.Code Ann. § 66-3-308(b);

6. Ordering any other relief that the circumstances may require, pursuant to Tenn.Code Ann. § 66-3-308 (a)(3)(C), and;

7. Taxing all costs of Moore's Complaint and of this action, including, but not limited to, discretionary costs, against the Defendants.

    Respectfully submitted,
    GRANT KONVALINKA & HARRISON, P.C.

    By:    /*s*/ Joseph W. Dickson
        DAVID M. ELLIOTT (TN BPR#17966)
        JOSEPH W. DICKSON (TN BPR #22763)
        *Attorneys for Plaintiff Daniel W. Moore*
        Republic Centre, Suite 900
        633 Chestnut Street
        Chattanooga, Tennessee 37450-0900
        Email: delliott@gkhpc.com
        Email: jdickson@gkhpc.com
        Telephone: (423) 756-8400
        Facsimile: (423) 756-6518

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and exact copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. mail as listed below. Parties may access the filing through the Court's electronic filing system:

| | |
|---|---|
| Busy Bee LLC | Terry Allison |
| c/o United States Corporation Agents, Inc. | 610 Knob Creek Road |
| 4295 Cromwell Road, Suite 308 | Wartrace, Tennessee 37183 |
| Chattanooga, Tennessee 37421-2163 | |

This the  18th  day of April 2022.

    GRANT KONVALINKA & HARRISON, P.C.
      /s/ Joseph W. Dickson